# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ALLIANCE COAL, LLC,**
**Employer Below, Petitioner**

FILED
**February 8, 2024**
C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-339**        (JCN: 2016011244)

**RICHARD E. HEATH,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner, Alliance Coal, LLC ("Alliance") appeals the June 29, 2023, order of the West Virginia Workers' Compensation Board of Review ("Board"). Respondent Richard Heath filed a timely response.[1] Petitioner did not file a reply brief. The issue on appeal is whether the Board erred in reversing the claim administrator's August 18, 2022, order which granted rehabilitation temporary total disability ("rehabilitation TTD") benefits from February 19, 2020, through February 15, 2021, not to exceed one hundred and four weeks.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's decision. For the reasons stated below, we reverse the June 29, 2023, order of the Board.

Mr. Heath was employed as a coal miner for Alliance. In October of 2015, Mr. Heath sustained an injury to his left leg and ankle after he was pinned between a rail car and a mine wall. Mr. Heath presented to the emergency room and was diagnosed with a left ankle fracture, for which he later underwent surgeries. Over the next two years, the claim administrator held the claim compensable for fracture of the lower end of the left tibia, displaced pilon fracture of the left tibia, posttraumatic osteoarthritis of the left ankle, tarsal tunnel syndrome of the lower left limb, and chronic regional pain syndrome.

In December of 2016, Mr. Heath was found to have reached maximum medical improvement ("MMI"). As a result, the claim administrator closed the claim for temporary total disability ("TTD") benefits. Following resolution of the litigation arising from that order, the claim administrator determined that Mr. Heath was eligible for vocational rehabilitation services. On November 8, 2018, Mr. Heath and Erin Saniga, a rehabilitation

---

[1] Petitioner is represented by James W. Heslep, Esq. Respondent is represented by M. Jane Glauser, Esq.

counselor, developed and signed a vocational rehabilitation agreement wherein Mr. Heath agreed to cooperate in the development of a rehabilitation plan and to participate in any recommended services. However, Mr. Heath subsequently underwent a trial placement for a spinal cord stimulator, which eventually resulted in a permanent placement of the stimulator. Ms. Saniga authored a progress report in April of 2019, stating that vocational rehabilitation services were on hold until the completion of Mr. Heath's procedures related to the spinal cord stimulator.

Mr. Heath underwent a functional capacity evaluation ("FCE") in September of 2019, which indicated that Mr. Heath could return to work at a light physical demand level with minimal carrying, pushing, and pulling; no lifting over twenty pounds; and no squatting. On October 23, 2019, Mr. Heath signed a vocational rehabilitation plan with Ms. Saniga. The plan required Mr. Heath and Ms. Saniga to work on researching the local job market, to prepare a resume, and to initiate a job search. Rehabilitation TTD benefits were to be paid from October 23, 2019, through November 13, 2019.

Per a progress report from November of 2019, the rehabilitation plan progressed to the job search phase. Rehabilitation TTD benefits were paid from November 14, 2019, through February 19, 2020. Throughout that time period, Ms. Saniga noted a few occurrences of Mr. Heath applying for positions that exceeded his capabilities per the FCE. On February 28, 2020, the claim administrator closed the claim for rehabilitation TTD benefits. Mr. Heath protested the order to the OOJ. Subsequently, in March of 2020, Ms. Saniga completed a progress report, wherein she indicated that Mr. Heath's vocational rehabilitation plan had expired on February 19, 2020, and that an extension of rehabilitation TTD benefits had not been requested. Nevertheless, the case remained open because Mr. Heath was interviewing for positions that he had applied to while under the vocational rehabilitation plan.

By order dated January 13, 2021, the OOJ reversed the claim administrator's decision of February 28, 2020, and ordered that Mr. Heath's vocational rehabilitation services be reinstated. In addition to reinstating Mr. Heath's services, the OOJ further ordered that his rehabilitation TTD benefits be reinstated from the date of last payment and continuing thereafter until such time as good cause existed to terminate the benefits.

On January 22, 2021, the claim administrator acknowledged receipt of the OOJ's order and reinstated Mr. Heath's rehabilitation TTD benefits. Subsequently, on February 5, 2021, the claim administrator issued a decision granting rehabilitation TTD benefits from February 8, 2021, through March 8, 2021. On February 17, 2021, the claim administrator issued a second decision granting rehabilitation TTD benefits from February 16, 2021, through March 16, 2021. Mr. Heath protested these orders. By order dated July 13, 2022, the Board reversed the claim administrator decisions of February 5, 2021, and February 17, 2021, and granted rehabilitation TTD benefits from February 19, 2020, to

March 16, 2021, less any vocational rehabilitation TTD benefits the claimant was paid during this time period.

Thereafter, on August 18, 2022, the claim administrator acknowledged receipt of the Board's order granting Mr. Heath rehabilitation TTD benefits from February 19, 2020, to March 16, 2021, less any rehabilitation TTD benefits he had been paid during that time. The claim administrator noted that Mr. Heath had previously received rehabilitation TTD benefits from October 23, 2019, through February 18, 2020 (17 weeks) and from February 16, 2021, through September 28, 2021 (32 weeks). The claim administrator determined that Mr. Heath had received a total of forty-nine weeks of rehabilitation TTD benefits and that, pursuant to West Virginia Code § 23-4-9(d) (2005),[2] his receipt of rehabilitation TTD benefits could not exceed fifty-two weeks. As such, the claim administrator determined that Mr. Heath was entitled to an additional three weeks of rehabilitation TTD benefits. Mr. Heath protested the claim administrator's order.

By order dated June 29, 2023, the Board reversed the claim administrator's order which granted Mr. Heath an additional three weeks of rehabilitation TTD benefits and found that Mr. Heath was entitled to a maximum of one hundred and four weeks of rehabilitation. The Board noted that the claim administrator's order failed to address the payment of benefits during the period between February 19, 2020, and February 15, 2021. The Board cited West Virginia Code § 23-4-9(d) finding that, pursuant to that statute, Mr. Heath was entitled to a maximum of one hundred and four weeks, not fifty-two weeks as stated in the claim administrator's order. Alliance now appeals.

---

[2] West Virginia Code § 23-4-9(d), in part, provides

the aggregate award of temporary total rehabilitation or temporary partial rehabilitation benefits for a single injury for which an award of temporary total rehabilitation or temporary partial rehabilitation benefits is made . . . *shall be for a period not exceeding fifty-two weeks unless the payment of temporary total rehabilitation disability benefits is in conjunction with an* <u>*approved vocational rehabilitation plan for retraining,*</u> *in which event the payment period of temporary total rehabilitation disability benefits may be extended for a period not to exceed a total of one hundred four weeks.* . . . Temporary partial rehabilitation benefits shall only be payable when the injured employee is receiving vocational rehabilitation services in accordance with a rehabilitation plan developed under this section and no payment of temporary partial rehabilitation benefits shall be made after the claimant has received the vocational training provided under the rehabilitation plan.

(Emphasis added).

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-12a(b) (2022), as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Alliance argues the Board erred in awarding Mr. Heath rehabilitation TTD benefits in excess of the fifty-two week statutory limit per West Virginia Code § 23-4-9(d). In response, Mr. Heath argues that Alliance is barred by res judicata and collateral estoppel from re-litigating this issue.

The issue before the Intermediate Court of Appeals is whether the Board erred in finding Mr. Heath participated in a vocational rehabilitation plan with retraining and granting Mr. Heath one hundred and four weeks of rehabilitation TTD. Based on the record, the issue before this Court has never been considered prior to the order which is on appeal.

West Virginia Code § 23-4-9(d) provides in pertinent part that the aggregated award of rehabilitation TTD benefits shall be for a period not exceeding fifty-two weeks. An exception exists to the fifty-two week limitation if a claimant receives rehabilitation TTD benefits in conjunction with an approved vocational rehabilitation plan for retraining, in which the rehabilitation TTD benefit shall not exceed a total of one hundred and four weeks. West Virginia Code of State Rules § 85-15-4 details a seven-tiered priority for vocational rehabilitation services. The priorities are as follows:

1. Return to the same employer and pre-injury job;
2. Return to the same employer and pre-injury job with modification;
3. Return to the same employer in a different position;
4. Return to the same employer in a different position with on-the-job-training;
5. Employment by a new employer without retraining;
6. Employment by a new employer with on-the-job-training;
7. Return to work following enrollment of the injured worker in a retraining program which consists of a goal-oriented period of formal retraining designed to lead to suitable gainful employment in the labor market.

W.Va. Code St. R. § 85-15-4. Further, no higher number priorities may be utilized until the lower number priorities have been determined to be unlikely to result in placement of the injured worker into suitable gainful employment. *Id.*

Based on the clear language of West Virginia Code of State Rules § 85-15-4, a vocational rehabilitation plan may exist without the injured worker ever receiving any retraining under the priorities for vocational rehabilitation services. Here, the record is clear that Mr. Heath's vocational rehabilitation plan included assistance in researching the local job market, preparing a resume, and initiating a job search. Nothing in the record shows that Mr. Heath received any type of retraining. Wherefore, Mr. Heath does not meet the requirements under West Virginia Code § 23-4-9(d) to extend rehabilitation TTD benefits past the fifty-two week limitation. Additionally, it does not appear that the issue of whether the additional fifty-two weeks of benefits could be triggered without a retraining plan has previously been considered. Accordingly, the principles of res judicata and collateral estoppel do not apply.

Accordingly, we find that the Board's order was clearly wrong in ordering rehabilitation TTD benefits to be paid up to one hundred and four weeks.

Reversed.

ISSUED: February 8, 2024

CONCURRED IN BY:

Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge Joseph K. Reeder, sitting by temporary assignment.

Judge Thomas E. Scarr, voluntarily recused